UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY BURT,

    Plaintiff,                               CIVIL ACTION NO. 06-12137

    v.

                                                DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                                MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
    _____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be GRANTED, Defendant's Motion to Remand should be DENIED, as there was no substantial evidence on the record that claimant retained the residual functional capacity to perform light work activity.

\* \* \*

    Plaintiff filed an application for Social Security disability insurance benefits on January 21, 2003, alleging that she had been disabled and unable to work since January 8, 2003, at age 51, due migraine headaches and the residual effects from a stroke. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on March 16, 2005, before Administrative Law Judge (ALJ) Henry Perez. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range

of light work providing a sit-stand option. The Administrative Law Judge determined that the claimant was unable to repetitively lift more than five pounds, and that she could not perform work requiring any climbing of ladders, ropes or scaffolding. The ALJ restricted the claimant from exposure to airborne pollutants, and found that she could not work at unprotected heights or near hazardous machinery for appreciable periods of time. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.

Plaintiff has filed a Motion for Summary Judgment, and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record. The Commissioner concedes that substantial evidence does not support the ALJ's step five determination that the claimant could perform light work activity. The Commissioner has filed a Motion to Remand the case for further administrative action to correct a flawed hypothetical question posed to the Vocational Expert.

Plaintiff was 53 years old at the time of the administrative hearing (TR 421). She had been graduated from high school and earned an associate's degree as a paralegal (TR 422). The claimant had been employed as a legal secretary during the relevant past (TR 77, 422). Plaintiff's job as a secretary required her to sit for most of the work day. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 10 pounds on a regular basis (TR 78-79).

Claimant initially stopped working in May 2000, after suffering a cerebral stroke that caused temporary paralysis and permanent right-side weakness (TR 120-123, 140, 424). Plaintiff explained that she attempted to return to work as a secretary in July 2000, but she was fired six months later due to an inability to a accurately type words at a rapid enough

pace (TR 423-425). The claimant was able to obtain another secretarial job, but she was terminated in January 2003, because right-side weakness prevented her from typing, writing down messages and handling files in an efficient manner (TR 425-426).

Plaintiff testified that she remains disabled as a result of residual right-side weakness (TR 425). Claimant estimated that she could lift just two pounds with her right hand, and about ten pounds with her left hand (TR 428). While Plaintiff regained the ability to drive, clean the house and shop for groceries (TR 432-433), she stated that she cannot write her name or grip small objects due to the permanent loss of fine finger dexterity (TR 425-426). Claimant explained that she cannot button her clothes, put on jewelry or pick up eating utensils (TR 426-428). She has fallen numerous times due to poor balance (TR 431). Other impairments which prevented her from returning to work included chronic fatigue and periodic migraine headaches (TR 425, 428-429). Despite taking prescription medications for the migraines, she still had to lie down for several hours in order to obtain pain relief (TR 429-430).

A Vocational Expert, Christian Barrett, classified Plaintiff's past work as sedentary, skilled activity, which imparted transferable skills only to other secretarial positions (TR 437). The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[1] (TR 441). If she were capable of light work, there were numerous receptionist, information clerk and security monitor that Plaintiff could

---

[1] The witness explained that Plaintiff's alleged inability to remain on her feet for prolonged periods, and her need to lie down with her feet elevated every day would preclude all work activity (TR 441).

perform with minimal vocational adjustment (TR 439). Those jobs provided a sit-stand option, and did not expose workers to dust, fumes or airborne pollutants (TR 438-439). The ALJ's hypothetical question to the Vocational Expert, however, did not include a five pound limitation on repetitive lifting.

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of residual effects from a cerebral vascular accident and a history of migraine headaches, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's right-side weakness precluded her from repetitively lifting more than five pounds and from performing jobs requiring prolonged standing or walking. The ALJ further restricted claimant from working in polluted environments, near moving machinery or at unprotected heights. The Administrative Law Judge determined that the claimant retained the residual functional capacity to perform a reduced range of light work, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of

4

credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that the residual functional limitations stemming from her stroke and migraine headaches were severe enough to preclude her from all work activity. She also argues that the ALJ's step five finding, that she could still perform a significant number of light jobs with certain restrictions, lacked adequate evidentiary support given the flawed hypothetical question posed to the Vocational Expert. The Commissioner acknowledges that the hypothetical question was deficient because the ALJ had failed to include a five pound weight limitation on repetitive lifting. Consequently, the Commissioner requested that the case be remanded for further administrative action and a new decision.

DISCUSSION AND ANALYSIS

I am persuaded that substantial evidence does not exist on the record supporting the Commissioner's conclusion that Plaintiff remains capable of performing substantial gainful activity. The medical evidence, as a whole, provided objective support for Plaintiff's

allegations of totally disabling functional limitations stemming from her stroke and migraine headaches.

Plaintiff was found to be severely handicapped by her long time treating physician, Dr. William Leuchter, who indicated in June 2004, that the claimant could not use her right arm and hand to repetitively lift more than five pounds at a time.  Moreover, the neurologist stated that Plaintiff could not stand or walk for longer than an hour at a time. Dr. Leuchter believed that Plaintiff required unrestricted freedom to rest frequently, for periods lasting as long as ten minutes, in order to relieve chronic fatigue (TR 394).  Dr. Leuchter added that coordination problems caused by her stroke placed her at a high risk of falling whenever she engaged in activities requiring good balance (TR 394).

The assessment that Plaintiff remained severely impaired after her stroke was shared by another treating physician who cared for her during the relevant period. Dr. William Culver, claimant's primary care physician, stated in a letter dated June 25, 2004, that Plaintiff suffered from severe migraine headaches. Despite her use of a prescription pain medication (Midrin), the doctor reported that the claimant suffered periodic headaches, lasting from 30 minutes to a few days in duration (TR 393, 401-403).

Defendant does not contest the fact that Plaintiff suffers from a variety of medical problems since her stroke, but maintains that no one impairment was sufficiently disabling to prevent substantial gainful employment.  The ALJ, however, must consider the combined effect of multiple impairments, and cannot consider each of them in isolation. Mowery v. Heckler, 771 F.2d 966, 971 (6th Cir. 1985)("disability may be established by a claimant suffering from a variety of medical problems, no one of which might be sufficiently disabling to prevent substantial gainful employment, but when taken together have that result").

While the ALJ stated that he considered the combined effect of claimant's stroke and migraine headaches, an examination of his opinion reveals that Plaintiff's impairments were, in fact, evaluated in piecemeal fashion.  I find it beyond dispute that Plaintiff's right-side weakness, coordination problems, loss of fine finger dexterity and migraine headaches, when considered in combination, significantly limited her ability to perform basic work activities.

It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government,  Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980), and are entitled to complete deference where, as here, the clinical findings are uncontradicted by substantial medical or other evidence and the opinions are based on detailed, clinical, diagnostic evidence.  Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Drs. Leuchter and Culver offered satisfactory objective clinical evidence of disabling functional limitations stemming from claimant's impairments, their respective conclusions that Plaintiff was totally disabled should have been given greater weight than those of a state agency reviewing physician, who only evaluated the medical evidence of record without the benefit of a personal examination[2] (TR 204-211). Their clinical findings were uncontradicted by substantial medical or other evidence, and were based on detailed, clinical, diagnostic evidence.

---

[2]A medical advisor's assessment of what other doctors find cannot serve as the basis for a competent evaluation of residual capacity without a personal examination of the claimant. Any opinion of disability from a nonexamining medical advisor is entitled to little weight if it is contrary to the opinion and clinical findings of the treating physician. Sherrill v. Secretary, 757 F.2d 803, 805 (6th Cir. 1985).

In the instant case, the vocational expert stated that Plaintiff could not return to her past work, or be competitively employed at all, if she needed to frequently rest throughout the day to relieve her fatigue (TR 441).  Given Dr. Leuchter's opinion that Plaintiff needed the option of lying down at will during the relevant period (TR 394), there was no substantial evidence in the record to support the determination that she remained capable of performing a significant number of light, unskilled jobs in the economy.

DEFENDANT'S MOTION TO REMAND FOR FURTHER ADMINISTRATIVE ACTION

Remanding the case for further administrative proceedings, in order to include a five pound weight restriction in another hypothetical question to the Vocational Expert, would not change to fact that substantial evidence does not exist in the medical record that Plaintiff remains capable of performing light work activity.  Light work is defined in the regulations as the ability to lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404. 1567(b) (2006).  Accepting the treating doctor's undisputed finding that Plaintiff could repetitively lift just 5 pounds, her residual functional capacity was confined to sedentary work[3]. Given claimant's advanced age, non-transferable work skills and residual functional capacity for only sedentary work, the Medical-Vocational Guidelines mandate a finding of "disabled" (Rule 201.14). Therefore, a remand for further administrative action to include additional Vocational Expert

---

[3]Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria ar met  20 C.F.R. § 404.1567(a) (2006).

testimony would be futile. Accordingly, it is recommended that Defendant's Motion to Remand for further administrative action be DENIED. Plaintiff's Motion for Summary Judgment be should be GRANTED, and the instant case should be sent to the Commissioner for a computation of benefits to which claimant is entitled.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). The filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  s/Donald A. Scheer
                                                  DONALD A. SCHEER
                                                  UNITED STATES MAGISTRATE JUDGE

DATED: November 8, 2006

## CERTIFICATE OF SERVICE

     I hereby certify on November 8, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 8, 2006.  **None.**

                                                s/Michael E. Lang
                                                Deputy Clerk to
                                                Magistrate Judge Donald A. Scheer
                                                (313) 234-5217